IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bao Vu,            Petitioner,<br><br>vs.<br><br>Eric H. Holder, Jr., et al.,            Respondents. | CIV-11-00031-PHX-GMS (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Petitioner Bao Vu (A045-850-621), who is represented by counsel, has filed an Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a native and citizen of Vietnam who entered the United States as a lawful permanent resident on February 14, 1997. On February 16, 2010, following completion of his state sentence of imprisonment for attempted murder, Petitioner was taken into custody by Immigrations and Customs Enforcement (ICE). On March 17, 2010, an Immigration Judge issued an order for Petitioner's removal from the United States. Petitioner did not appeal.

Petitioner alleges that despite his cooperation with ICE's attempts to obtain travel documents, ICE has been unable to remove him to Vietnam. Petitioner argues that he is entitled to release from custody under an order of supervision because his detention with no prospect that his removal will be effected in the reasonably foreseeable future is not authorized by law. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable

1  likelihood that a foreign government will accept an alien's return in the reasonably
2  foreseeable future, the INS may not detain the alien for more than the presumptively
3  reasonable period of six months).

4  On May 13, 2011, Respondents filed a Notice to the Court and Suggestion of
5  Mootness (Doc. 17) indicating that Petitioner was deported on May 3, 2011.  Accordingly,
6  on May 16, 2011, the Court ordered Petitioner to show cause why his Petition for a Writ of
7  Habeas Corpus should not be dismissed as moot in light of his deportation.  (Doc. 18.)
8  Thereafter, Petitioner's counsel filed a Notice of Non-Opposition to Respondents'
9  Suggestion of Mootness.  (Doc. 19.)

10  It appearing that the relief requested in Petitioner's habeas petition has been granted,
11  and both parties agree that the habeas petition is now moot and should, therefore, be
12  dismissed, the Court will recommend that Petitioner's Petition for a Writ of Habeas Corpus
13  be dismissed.

14  **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for a Writ of
15  Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 3) be **DISMISSED**.

16  This recommendation is not an order that is immediately appealable to the Ninth
17  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
18  Appellate Procedure, should not be filed until entry of the district court's judgment.  The
19  parties shall have fourteen days from the date of service of a copy of this recommendation
20  within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);
21  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen
22  days within which to file a response to the objections.  Failure timely to file objections to the
23  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
24  and Recommendation by the district court without further review.  See United States v.
25  Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any
26  factual determinations of the Magistrate Judge will be considered a waiver of a party's right

27
28

1 to appellate review of the findings of fact in an order or judgment entered pursuant to the
2 Magistrate Judge's recommendation.  <u>See</u> Rule 72, Federal Rules of Civil Procedure.
3      DATED this 31st day of May, 2011.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge